JINA L. CHOI (N.Y. Bar No. 2699718)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
SUSAN F. LaMARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
JENNIFER J. LEE (Cal. Bar No. 261399)
  leejen@sec.gov
SERAFIMA KRIKUNOVA (Cal. Bar No. 288014)
  krikunovas@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 17-cv-05438-LHK |
| Plaintiff, | |
| v. | **[PROPOSED] FINAL JUDGMENT** |
| PETER C. CHANG, | |
| Defendant. | |

The Securities and Exchange Commission having filed a Complaint, and Defendant Peter C. Chang having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 14(e) of the Exchange Act, 15 U.S.C. § 78n(e), and Rule 14e-3  promulgated thereunder, 17 C.F.R. § 240.14e-3, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

(a)     purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities convertible into or exchangeable for any such securities or any option or right to obtain or dispose of any of the foregoing securities while in possession of material information relating to such tender offer that Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person or such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(b)     communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

(i)     to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

(ii)     to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the planning, financing, preparation or execution of the activities of the issuer with respect to such tender offer; or

(iii)     to any person pursuant to a requirement of any statute or rule or regulation promulgated thereunder.

1   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal

2   Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive

3   actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers,

4   agents, servants, employees, and attorneys; and (b) other persons in active concert or participation

5   with Defendant or with anyone described in (a).

6   **III.**

7   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently

8   restrained and enjoined from violating Section 16(a) of the Exchange Act, 15 U.S.C. § 78p(a), and

9   Rule 16a-3 promulgated thereunder, 17 C.F.R. § 240.16a-3, by failing to file within the time limits

10  set forth in the statute or rule, initial or annual statements of his beneficial ownership, or any change

11  in his beneficial ownership, whether direct or indirect, while an officer or director or the beneficial

12  owner of more than 10 percent of any class of any equity security (other than an exempted security)

13  of an issuer that has a class of securities are registered pursuant to Section 12 of the Exchange Act, 15

14  U.S.C. § 78*l*.

15  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal

16  Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive

17  actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers,

18  agents, servants, employees, and attorneys; and (b) other persons in active concert or participation

19  with Defendant or with anyone described in (a).

20  **IV.**

21  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section

22  21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendant is prohibited from acting as an

23  officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the

24  Exchange Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the

25  Exchange Act, 15 U.S.C. § 78*o*(d).

26  **V.**

27  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a

28  civil penalty in the amount of $500,000 to the Securities and Exchange Commission pursuant to

Sections 21A and 21(d)(3) of the Exchange Act, 15 U.S.C. §§ 78u-1 & 78u(d)(3), related to the conduct alleged in the complaint.  Defendant shall make this payment within 14 days after entry of this Final Judgment.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,727,864 plus prejudgment interest thereon in the amount of $129,710, for a total of $1,857,574, relating to the conduct alleged in the Complaint.  Of this amount, $804,827 is to be offset by the stipulated Orders in the criminal case entitled *United States v. Peter C. Chang*, No. CR-18-00034-LHK (N.D. Cal.) (ECF Nos. 60, 63, and 69).  Defendant shall satisfy the remaining obligation by paying $1,052,747 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment (for disgorgement and for the civil penalty ordered above) electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Peter C. Chang as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.  The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or

1  through other collection procedures authorized by law) at any time after 14 days following entry of

2  this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant

3  to 28 U.S.C. § 1961.

4                                                      **VII.**

5        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

6  incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall

7  comply with all of the undertakings and agreements set forth therein.

8                                                     **VIII.**

9        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of

10  exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the

11  allegations in the complaint are true and admitted by Defendant, and further, any debt for

12  disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final

13  Judgment or any other judgment, order, consent order, decree or settlement agreement entered in

14  connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws

15  or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the

16  Bankruptcy Code, 11 U.S.C. § 523(a)(19).

17                                                      **IX.**

18        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

19  jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

20

21        IT IS SO ORDERED.

22

23

24

25

26  Dated:  September 17, 2018

27                                                      Lucy H. Koh
                                                        UNITED STATES DISTRICT JUDGE

28